## ROBINSON and others *v.* KETTLETAS and another.

A covenant to extend a lease which does not fix the amount of rent cannot be enforced in equity.

Where trustees under a will make a lease, with a covenant to renew for a certain term or to pay the value of erections which the tenant covenants to raise on the premises, the same to be valued by appraisers, but a new lease is refused and the present trustee will not agree to allow for the buildings and commence ejectment: the court can and will control the trustees and compel payment out of the trust estate. The power which equity has over trustees takes this case out of the usual rule which would leave a party to law.

DEMURRER to the bill.

John Gardner, by his will, after making certain bequests, devised his real estate to James Gardner, John Hyer and John Miller, trustees, upon trust, during the lives of his son and daughters, out of the rents, to uphold, support, amend and repair such real estate and pay all taxes. There were other trusts in favor of the children and their issue, coupled with power to the trustees to receive the rents.

After the testator's decease and on the tenth day of September one thousand eight hundred and eighteen, James Gardner and John Hyer, acting trustees, made a lease of part of such estate to Robert McFarlaine for twenty-one years. Covenant therein, on the part of the tenant, to erect two substantial buildings. Also a covenant on the part of the lessors that the said trustees should and would, at the expiration of the term thereby demised, again lease, demise and to farm let the premises unto the said party of the second part his executors &c. for three years thereafter, with like covenants as were therein contained (except the cove-

*April 27,*
1842.

*Covenant.*
*Vendor*
*and Ven-*
*dee.*
*Lease.*
*Trustee.*

1842.

ROBINSON
v.
KETTLETAS.

nant for renewal) and upon such rents as should be agreed upon between the parties or as should be determined upon by two sworn appraisers, one of whom to be chosen by each of the said parties, or as should be determined by a sworn umpire who should be chosen by such appraisers in case they could not agree. And the said parties for themselves, &c., did covenant with the said party of the second part, his executors, &c., that at the expiration of the term thereby demised, in case the said term should not be renewed or at the expiration of the said renewed term, if the term were renewed, they the parties of the first part would pay to the said party of the second part his executors, &c., the value of such buildings as should be erected in pursuance of the said lease, such value to be ascertained by two sworn appraisers to be chosen as aforesaid or by an umpire as aforesaid, in case the said appraisers could not agree. Covenant, on the part of the tenant, to deliver up the possession at the remainder of the term.

The buildings were erected. The defendants, Eugene Kettletas and Thomas S. McCarty, were the present trustees of the property, and the complainants were the present possessors of the lease. The bill showed that the rent had been duly paid and that, about the time of its expiration, the latter had applied for a renewal for the further term of three years, which was refused and an action of ejectment had been brought against them by the trustees.

The complainants insisted that they were entitled to such renewal, and, if the terms could not be fixed, then they claimed the value of the erections. Prayer accordingly; and for an injunction to restrain the action of ejectment.

General demurrer interposed.

Mr. *G. B. Butler* and Mr. *Lord,* in support of the demurrer.

.Mr. *Leveridge,* for the complainants.

*Dec.* 27.     THE VICE-CHANCELLOR :—This bill is filed for a twofold object: an extension of the lease for three years, accor-

ding to the covenant in the original lease ; and, for payment of the value of the house built on the lot.

1842.

ROBINSON
v.
KETTLETAS.

With respect to the first : I am inclined to think that the covenant is not such as this court could undertake to see specifically performed, because the rent for the renewed or additional term of three years was not fixed, but left open to be agreed upon between the parties or to be determined by arbitration : see the cases on this subject referred to by the Assistant Vice-Chancellor in *Whitlock* v. *Duffield*, 1 Hoffman's Ch. R. 110. That branch of the case, however, it has become unnecessary to consider, for the three years have now expired.

Then, as respects the covenant to pay for the value of the buildings. The objection goes to the want of power in the lessors, being trustees under the will of John Gardner, deceased, to grant a lease, with a covenant to pay for improvements. There is not in the will an express power to make leases ; but such a power is, necessarily, implied from the devise of the whole estate to the trustees and from the nature of the trusts they are to execute. It is incident to the estate vested in the trustees and is in conformity with the trusts that the property should be leased out to the best advantage. The bill contains enough to show that leases for twenty-one years, with covenants on the part of the lessees to erect substantial buildings for respectable family residences, and on the part of the trustees to pay for such improvements at the end of the term, was a judicious exercise of the power, and, in its results, of great benefit and advantage to the estate. I concur with Chancellor Kent in a written opinion given by him to the trustees on this point. The covenant is, at any rate, binding in law upon the persons who executed the lease. And the next question is, whether it is such a covenant as this court can take cognizance of and undertake to enforce. It is an absolute covenant to pay at the expiration of the lease " the value of such buildings as shall be erected in pursuance of the lease ;" and it then provides how such value shall be ascertained, that is by sworn, appraisers to be chosen by the parties and through an umpire, if necessary. The bill shows that the present trustees, the defendants, have refused to appoint any appraiser or to pay ; that they receiv-

1842.

ROBINSON
*v.*
KETTLETAS.

ed the rent under the original lease to the end of the term of twenty-one years thereby granted ; and then took legal measures to obtain possession of the lot with the dwelling house upon it, erected by the lessee.    They are thus taking to themselves, as trustees, the benefit of the tenant's improvement without paying for it, and this court is asked to interpose and compel them to do justice.    We are not now dealing with the persons who executed the lease against whom there might be a remedy at law, but with the trust estate itself and the persons who now represent it and over whom this court has peculiar and exclusive jurisdiction.

This court can ascertain the value and amount to be paid and direct its payment out of the trust estate.    And I think that this case may be distinguished from the class of cases in the books where the court has refused to entertain a bill for specific performance of a covenant or agreement where the rent or terms of a lease or the price has not first been ascertained in the mode pointed out in the contract.

I must overrule the demurrer, with costs, giving liberty to answer.