The Vice-Chancellor :
The defendant having elected not to pay for the improvements, but to grant a new lease— *595 as he had a right to do—the question is, about the terms and conditions of such new lease ?
The covenant is not that the defendant would renew the old lease or grant a new one on the same terms and with like covenants as are contained in the old one; but the covenant is simply that, in the event which has happened, he would “ make and execute a new lease of the premises for the further term of seventeen years at the yearly ground rent, which shall be equal to five per cent, interest per annum on the fee simple value of the lot, <fcc. the rent aforesaid payable quarterly.” That value has been fixed at three thousand dollars and the rent, consequently, at one hundred and fifty dollars. About this there is no dispute; and the question is, whether, in addition to a covenant to pay such rent, the lessor is entitled to a covenant in the lease that the lessees will pay the taxes and assessments chargeable upon the lot during the term 1
It has long been the settled law of this state that a covenant or agreement “to execute a deed” or “to give a good and sufficient deed of land,” is fulfilled by executing a deed sufficient in form to pass the title without any personal covenant or warranty : Van Eps v. The Corporation of Schenectady, 12 J. R. 436 ; Gazley v. Prince, 16 Ib. 267. And in Rutgers v. Hunter, 6 J. C. R. 215, Chancellor Kent has said that covenants are the accidental and not the necessary parts of a lease; that a covenant even to renew a lease does not necessarily imply alease with all the covenants in the former, but only a lease of the same term and rent. In this, he is supported by English authorities. Now, if a covenant to renew or to grant a renewal of a lease carries with it nothing by implication : how can it be that a covenant to give a new lease can have that effect ? Here, Mr. Astor agreed to give a new lease for a term certain and at a rent to be fixed in a particular manner. He stipulated for and reserved to himself nothing more than the rent thus to be ascertained and to be paid quarterly. If he has now a right to insist on a covenant that the lessees shall pay the taxes and assessments as in the former lease, I do not see why, by the same reasoning, the lessees may not insist on *596 the lessor’s covenant to pay for the building or to grant another renewal, &c.
The court must construe the covenant according to its plain import as a court of law would do and not attempt to make a different covenant for either party according to what may appear to be equitable circumstances : Chambers’ Land. & Ten. 226.
I must decree that Mr. Astor is bound to execute the new lease without the proposed covenant for the payment of taxes and assessments. What the effect of it will be, in regard to such taxes and assessments, if the lessor should not pay them after making such a lease, is not for me to determine at present.
Decree, for specific performance; with costs.