---

SAME TERM. *Before the same Justices.*

PEARCE and others *vs.* COLDEN and others.

Where, simultaneously with the execution of a lease for a term of years, an agreement is made, whereby the landlord stipulates that at the end of the term he will renew the lease or pay for the buildings erected by the tenant, and at the end of the term he tenders a renewal, which the tenant refuses to accept, the landlord is entitled to recover possession without paying for the buildings.

Where a lot has on it a house occupied by several tenants who rent different apartments, they are joint occupants of the land, and may be proceeded against jointly in an action of ejectment.

ERROR to the superior court of the city of New-York. The action was ejectment, to recover the possession of a house and lot fronting on the Bowery in said city. The suit was commenced in the name of Jane Ann Ferrers, as plaintiff; but she dying, it was revived in the name of Colden and Ogden, her executors. The premises in question originally belonged to

John Ferrers, who, by his will, dated Feb. 20, 1813, devised one half of the résidue of his real estate, including the house and lot in controversy to his wife Jane Ann Ferrers in fee, and the other half to his son Charles John, in fee.   The son subsequently, by a partition deed, conveyed his half of the lot in question to his mother, Jane Ann Ferrers.   The defendants below, Pearce, Seacord and Conklin, claimed the possession of the premises under a lease for twenty years, to Nathaniel H. Smith, executed on the 5th of June, 1823, by Jane Ann Ferrers, Cadwallader D. Colden and Charles Wilkes, executrix and executors of John Ferrers, in pursuance of a power given to them by the will of their testator, and also of a power given to them by an order of the court of chancery made on the 10th of Dec. 1821.   The lease reserved an annual rent of $65, besides taxes and assessments, with a right of distress and re-entry ; but contained no covenant of renewal.   Subsequent to the execution of the lease, however, and on the same day the lease was dated, Jane Ann Ferrers executed to Smith the lessee, a bond, the substance of which is stated in the opinion of the court.   On the trial, the defendants' counsel read in evidence the following instrument, executed by Jane Ann Ferrers; which was appended to the lease, and dated Feb. 18, 1842; Henry Abell, named therein, being the owner of the lease at that time.   " For and in consideration of the sum of one dollar to me in hand, paid by Henry Abell, within named, the receipt whereof is hereby acknowledged, I do hereby agree with the said Henry Abell, not to avail myself of the covenants in the bond mentioned within, and signed by me, as to the value of the improvements therein mentioned, but to pay for the same on a valuation therein mentioned, even if the same does not amount to the sum of two thousand dollars, in case I do not renew the lease."   A witness called by the plaintiffs testified that at the time of the service of the declaration in this cause the defendants were in the occupation of the premises ; that Concklin occupied the basement of the house, and carried on his business there ; Seacord occupied the first story, and lived with his family there ; and Pearce occupied a part of the premises, with his family.

At the close of the testimony the counsel for the defendants required the plaintiff to elect against which of the defendants she would take a verdict, which her counsel refused to do. And the judge charged the jury that under the evidence the plaintiff was entitled to recover against all the defendants. The jury thereupon found a verdict for the plaintiff, against all the defendants; and judgment being entered for the plaintiff thereon, the defendants brought a writ of error. All the material facts, not above stated, will be found in the opinion of the court.

*D. D. Field,* for the plaintiffs in error.

*E. Wilkes,* for the defendants in error.

*By the Court,* EDWARDS, J. The lease executed by the trustees of John Ferrers deceased, to Nathaniel H. Smith, and under which the plaintiff in the court below claimed the right of possession, was dated on the 5th day of June, 1823, and was for the term of twenty years from the tenth day of December, 1822. It contained no covenant of renewal; but, after its execution, and on the said 5th day of June, 1823, Jane Ann Ferrers, one of the trustees, but acting in her individual capacity, executed a bond to N. H. Smith, the lessee, in the penalty of $2500, conditioned, amongst other things, that she, or her son Charles John Ferrers, or whoever should be seised in fee of the demised premises, at the expiration of the term fixed by the lease, should renew the same, for the further term of twenty-one years, at an annual rent to be determined by appraisers to be appointed in the manner stated in the bond; or else within sixty days should pay the value of the buildings erected on the premises, if they should be appraised at over $2000, but if they should be appraised for less than that sum, it should be optional for the said Jane Ann Ferrers, or Charles John Ferrers, or whosoever might be seised of the said premises, to renew the lease upon such conditions as should be mutually agreed on, or that the lessee should be permitted to remove the said buildings from the premises.

After the expiration of the term fixed by the lease, and on the first day of February, 1843, Jane Ann Ferrers by her attorney, Henry Wilkes, and Henry Abell, who at that time was assignee of the premises, appointed two appraisers to fix the amount of the yearly rent, with a provision that in case they could not agree they should appoint a third appraiser. The two appraisers afterwards agreed upon the amount of the rent to be paid.

It appears from the error book that the attorney for Mrs. Ferrers afterwards, and on or about the 13th day of November, 1843, tendered a lease of the premises to the assignee of the original lease, but that he refused to receive it, because it required the tenant to pay taxes and assessments.

After this refusal this suit was brought by Mrs. Ferrers for the recovery of the possession of the premises.

The first ground taken by the plaintiffs in error is that the bond, and the estimate of the value of rent agreed upon by the appraisers appointed by the parties, amounted to a renewal of the lease. The case particularly relied upon is that of *Van Rensselaer* v. *Penniman*, (6 *Wend.* 569.) In that case there was a covenant by the lessor for the payment for improvements, and a covenant by the lessee that, on being paid for his improvements at the expiration of the lease, he would yield up the possession of the premises. The court said, that as the lease was signed by both parties, this covenant contained, by implication, an agreement by the lessor that the lessee might retain possession until he should be paid for his improvements.

But it will be observed that the condition of the bond in the case before us not only does not contain any words of present demise, or any conditional words from which to infer an agreement by the lessor that the lessee should retain possession until he should be paid for his improvements, but that, on the contrary, the lessor's agreement is in the alternative, either to renew the lease, or to pay the value of the buildings to be erected.

There is another distinction equally important, between the case before us and the one above cited. The bond here was executed on the 5th June, 1823, and Mrs. Ferrers did not become the owner of the reversion until the 30th of December, 1830.

It is said, however, that the instrument signed by her on the 18th of February, 1842, was executed after the fee of the premises had vested in her. But that does not strengthen the claim of the plaintiffs in error, for it will be seen by reference to that instrument, that it was merely an agreement to pay for improvements in case she should not renew the lease, although the same should amount to a less sum than two thousand dollars.

But it is said that whether there was a renewal of the lease or not, the tenant could not be ejected except upon the landlord's proceeding to have the buildings and the value of the ground rent appraised, and then giving notice of an election either to pay for the buildings, or to renew the lease, and in the latter case, executing and tendering to the tenant a new lease for twenty-one years at the appraised rent. A reference to the condition of the bond will show that such was not the intention of the parties; for Mrs. Ferrers was not bound by her agreement to pay the value of the buildings until sixty days after the expiration of the original lease. And, as has been before stated, there was neither an express or an implied condition that she should pay before the tenant should leave the premises.

But it is contended that the judge erred in charging the jury that the plaintiff, under the evidence in the case, was entitled to recover against all the defendants.

The statute provides that " if the action be brought against several defendants, and a joint possession of all be proved, the plaintiff shall be entitled to a verdict against all." (2 *R. S.* 307.)

In this case it appears that the defendants were each of them tenants of different parts of the house erected upon the lot in question, and held under separate leases, and that there was, in terms, no demise of the lot. The tenants had the exclusive possession of the house, and, as incident thereto, the exclusive possession of the lot. As regarded the house they were tenants of different parts; but as regarded the lot their possession, which was merely incidental to their tenancy of the house, was joint. No one held possession of any distinct part of the lot any more than the others. If the building had been destroyed, no right of possession in any part of the lot would have remained in any

of the defendants. (*Kerr* v. *The Merchants' Exchange Co.*, 3 *Edw.* 315. *Winton* v. *Cornish*, 5 *Ohio Rep.* 303.) The principal being gone, the incident would follow.

The interests of the defendants in the building were several, but their possession of the lot, which was incidental, was joint; and the verdict should have been against all the defendants jointly.

Judgment affirmed.

SAME TERM. · *Before the same Justices.*