Filed May 13, 1891.

---

No. 66.

## KASH v. HUNCHEON.

PLEADING.—*Demurrer.*—*Effect of.*—A demurrer admits only such allegations in the pleading as are properly and sufficiently pleaded.

SAME.—*Complaint on Contract.*—When a complaint is founded upon a contract in writing, incorrect and irrelevant averments in relation thereto, and incorrect constructions of such contract, are not admitted by the demurrer.

LANDLORD AND TENANT.—*Lease.*—*Renewal.*—A lease of land for a term of five years provided that the lessee should build a house upon the premises, and that if the lease should not be renewed at the expiration of the term the lessor would pay for the house. Before the expiration of the five years, by an agreement signed by the lessor, the lease was continued for a year "with all its conditions unchanged and unimpaired."

*Held,* that the lessee, by accepting the agreement, abandoned her right to claim compensation for the house.

From the La Porte Circuit Court.

*M. H. Weir* and *W. E. Higgins,* for appellant.

*J. H. Bradley,* for appellee.

ROBINSON, J—The appellant was the plaintiff in the circuit court. The complaint against the appellee is in three paragraphs.

The first paragraph alleges that, on the 18th of February, 1881, plaintiff entered into a contract in writing with the defendant, which is filed with and made a part of the complaint, whereby plaintiff leased of defendant two and one-half acres of land therein described for the period of five years from April 1st, 1881; that plaintiff agreeing therein to build upon said tract of land a house, and to enclose the same with a fence; the defendant agreeing and obligating himself to purchase said house at the end of the five years at its fair value, provided said lease should not then be renewed; that, in pursuance of said contract, plaintiff did so enclose said premises, and erected on said land a good, substantial dwelling-house, and in all things else plaintiff fully complied with her said contract and agreement; that at the end of the first five years, to wit, on the 16th day of March, 1886, the defendant declined and refused to renew said lease by an agreement in writing, a copy of which is filed with and made a part of the complaint, by which the defendant then extended said lease and contract for one year, with all of the conditions unchanged, and until the 1st day of April, 1887; the contract was not again renewed, and the plaintiff tendered to the said defendant the possession of said premises, with the house thereon, under the said contract, and demanded payment for the house, as in said contract agreed, which the defendant then and there refused, and still fails and refuses, to pay for said house; that plaintiff, on and after the 1st day of April, 1887, surrendered up the possession of said house, and left the same; that said house was of the value of eight hundred dollars. Wherefore plaintiff demanded judgment for, etc.

The exhibits are as follows:

"LA CROSSE, IND., Feb. 18th, 1881.

"This instrument witnesseth, that P. Huncheon has leased to Mary Kash for five years, commencing on the 1st day of April, 1881, and ending April 1st, 1886, two and one-half acres of land, being the southwest corner of the southeast

quarter of the southwest quarter of section twenty-five, township thirty-three, in La Porte county, on the following conditions : The said Mary Kash to build a house and enclose with a fence the land described, and cultivate the same, but none of the trees now growing on the land to be destroyed or injured. If, at the expiration of five years the lease shall not be renewed, P. Huncheon shall pay the said Mary Kash a fair valuation for the house, less seventy-five dollars for the use of the described land, and no charge shall be made by the said Mary Kash, or her agent, for any improvement other than the dwelling-house, and on payment of the same peaceable possession shall be given to P. Huncheon, or his agent; and it is further agreed that no intoxicating liquor shall be sold on the land described, nor shall the house be used for prostitutes to ply their vocation in, on penalty of forfeiting this lease.

" Witness my hand and seal this 18th day of February, 1881.        [Seal.]     P. HUNCHEON."

         " MEMORANDUM OF AGREEMENT.

           " LA CROSSE, IND., March 16th, 1886.

" The lease given by the undersigned to Miss Mary Kash is hereby continued, with all its conditions unchanged and unimpaired until April 1st, 1887.

               " PATRICK HUNCHEON."

The second and third paragraphs do not materially differ in the averments, and contain what is alleged in the first paragraph, with the following additional averments, to wit:

" Plaintiff further says that prior to the expiration of said lease, to wit, March, A. D. 1886, she and the plaintiff made and entered into another agreement and contract, which agreement the defendant attempted to put in writing and signed the same, whereby it was agreed that the said former lease should not be renewed at the end of said five years, nor should any of the rights of the plaintiff be altered, changed or in anywise impaired, but that the whole of said contract, as hitherto existing, should continue and remain

in full force and effect until the 1st day of April, 1887, as well as the lease of said land as the said agreement to pay for said house was by said second contract to be continued and extended until the said latter mentioned date; that said second contract was made by her, and at the request of and for the accommodation of the said defendant, because defendant said that he could not then spare the money to pay for the said building, and that sometime during the said period for which said contract was to be so extended he would pay for said building according to his original contract; that in pursuance of said agreement the defendant wrote out and gave to this plaintiff the said writing signed by him, a copy of which is also filed herewith and hereby made a part of this complaint, and that she accepted the said written agreement, and the same was delivered to her with the distinct understanding by her and by the defendant that said continuation and extension of time was not to be considered in the light of a new lease of said premises nor to work a forfeiture or release of any of her rights in the premises, or to work any change in said contract, but that all her rights as secured to her by and under the original contract should be and remain exactly as they stood at the time of the execution of said contract, saving only the extension of time for the payment of the value of said building and the right of the plaintiff to recover therefor; that said second contract was made at the request of and for the benefit of said defendant. Plaintiff further avers that at all times during the continuance of said contracts she has fully done and performed all the things in said contracts stipulated to be performed by her, and that at the expiration of the time she asked and demanded of said defendant the payment and value of said building, and tendered him the possession thereof; that the defendant fails and refuses to pay for the said building or any part thereof, and that he has taken possession thereof and now holds the same, etc."

A demurrer was sustained to each paragraph of the com-

Kash *v.* Huncheon.

plaint on the ground that neither* of said paragraphs stated facts sufficient to constitute a cause of action.

The appellant contends that the circuit court erred in this ruling and for this error that the cause should be reversed.

Before proceeding to the consideration of the questions discussed in argument as to the ruling upon the demurrer it is proper to say in answer to a statement of the counsel for the appellant " that the demurrer admits the allegations in the complaint," the appellee mistakes the rule. A demurrer does not admit all the allegations in the pleading; it admits only such as are properly and sufficiently pleaded; it does not admit irrelevant matter, but only such allegations as are relevant to and fairly connected with the *gravamen* of the action. When a complaint is founded upon a contract in writing, incorrect and irrelevant averments in relation thereto, and incorrect constructions of such contract, are not admitted by the demurrer.

The first paragraph of the complaint is not open to the objection stated, and pleads all matters that are relevant to and connected with the contract sued on, as fully, perhaps, as the same could be pleaded within the rule of good pleading. But all of the allegations contained in the second and third paragraphs of the complaint, which are a departure from and outside of the allegations in the first paragraph, are not well pleaded, are irrelevant, and not fairly connected with the *gravamen* of the action; they are incorrect averments in relation thereto, and incorrect constructions of the same, not admitted by the demurrer, and in considering the demurrer must be regarded as being eliminated from the complaint. The *gravamen* of this action, the only foundation upon which it can stand, is the written instrument sued on.

It is clear that the construction given to the condition stated in the original contract, that " If, at the expiration of five years, the lease shall not be renewed, P. Huncheon shall pay the said Mary Kash a fair valuation for the house,

less seventy-five dollars for the use of the described land," in connection with the writing of date March 16th, 1886, in these words, and signed " Patrick Huncheon " : " The lease given by the undersigned to Miss Mary Kash is hereby continued, with all its conditions unchanged and unimpaired, until April 1st, 1887," must determine the question as to whether the trial court ruled correctly in sustaining the demurrer to each paragraph in the complaint. We must treat the two writings as referring to the same subject. The fact can not be controverted. In fact, such is conclusively the effect of the last writing that before the end of the term of five years, under the original agreement, a new agreement was entered into. What reasons caused the execution of the new agreement, or what was written or said about it, as we have said, were irrelevant and immaterial averments in the complaint, and having no bearing upon the written contract which is the foundation of the action, that must speak for itself. At the expiration of the lease, if there was no renewal, the liability of appellee to pay a fair valuation of the house erected thereon by appellant, less seventy-five dollars for the use of the land, became certain and complete, but if renewed it seems that such liability would not follow with the renewal. It may be true that the appellant could have insisted upon a renewal for the same term contained in the original lease, but appellant chose to accept a renewal ending April 1st, 1887.

It would have been clearly an abandonment of the appellant's right to recover for the building had she insisted upon and accepted a renewal for another term of five years, and having accepted a renewal for the term ending April 1st, 1887, the acceptance satisfied the covenant to renew by the consent of the appellant, and such renewal until April 1st, 1887, was clearly an abandonment of the right to claim compensation for the house built on the lands, although the instrument of renewal contained the words " hereby continued with all conditions unchanged and unimpaired until April

1st, 1887." The construction of this condition is that the essential elements of the lease continued " unchanged and unimpaired," not that the accidental parts, which are not necessary to the lease, are continued " unchanged and unimpaired." If these words refer to the covenants upon the part of the lessor, then, also, must they refer to the conditions to be performed by the lessee.

As a result of the conclusions stated, we think the lease gave the appellant the right to insist upon a renewal for five years. Appellant could also accept a new lease for a shorter period, and having done so can not now recover for a breach of contract voluntarily abandoned by reason of the acceptance of the new lease until April 1st, 1887. Taylor Landlord and Tenant, sections 333, 334, 335 ; *Rutgers* v. *Hunter*, 6 Johns. Ch. 215 ; *Willis* v. *Astor*, 4 Edw. Ch. 594.

The court ruled correctly in sustaining the demurrer to each paragraph of the complaint.

The judgment is affirmed, at the costs of the appellant.

Filed May 14, 1891.