### BAURMAN v. BINZEN.

*(Supreme Court, Special Term, New York County. November, 1891.)*

COVENANT TO RENEW LEASE—SPECIFIC PERFORMANCE—INDEFINITENESS.

A covenant for a renewal of lease, which is indefinite as to the length of the term and rental to be paid, cannot be enforced specifically.

Bill by Ferdinand C. Baurman against Theresia Binzen for a specific performance of a covenant to renew a lease. Decree for defendant.

*Alexander & Ash,* for plaintiff. *J. M. Smith* and *Thomas McAdam,* for defendant.

BEACH, J. The action is brought to compel the specific performance by the defendant of a covenant for the renewal of a lease. On the 2d day of February, 1885, one Cornelia Graham by indenture leased to John F. Wetter a certain lot of land, situate in this city, for the term of six years from May 1, 1885, at the yearly rent of $300. The indenture of lease contained a covenant in these words: "And the said party of the first part hereby covenants and agrees to and with the said party of the second part that she will, on the expiration of the term hereby granted, renew said lease, or will sell said property to the said party of the second part at its then market value." The instrument was recorded February 4, 1885, and the tenant entered into possession, and paid the rent. The lessor, Cornelia Graham, died during the term, leaving a will. Her executors, in or about January, 1887, being authorized, sold and conveyed the premises to the defendant, subject to the outstanding lease. The plaintiff demands performance of the covenant for a renewal. I am of opinion that the specific performance sought cannot be decreed, because the covenant for a renewal is too indefinite, from not naming the length of term or rental to be paid. It would be impossible for the court to render a decree without making a contract for the parties in those respects. There are no provisions in the writing to enable the court to determine the duration of the renewal lease and the rent to be paid. The manifest absence of particularity is fatal. The older adjudications supporting this principle are cited in *Abeel* v. *Radcliff,* 13 Johns. 296. In *Duffield* v. *Whitlock,* 26 Wend. 55, the duration of the term was provided for, but from want of other particulars the covenant was held faulty. In *Robinson* v. *Kettletas,* 4 Edw. Ch. 67, the opinion is directly expressed that the performance of a covenant for renewal, if the rent be not fixed, cannot be enforced. *Buckmaster* v. *Thompson,* 36 N. Y. 558; *Lloyd* v. *Worrell,* 37 How. Pr. 75. It seems unnecessary to consider the question presented upon the trial relative to where rests the option, under the covenant,—in the lessor or lessee. The language is free from doubt, avoiding the rule requiring a construction most favorable to the lessee. I think the case of *Pearce* v. *Colden,* 8 Barb. 522, settles the point favorably to the lessor. Even if otherwise, no benefit could result to the plaintiff, the covenant for renewal being too indefinite for enforcement. Decree for defendant, with costs.