FERDINAND C. BAMMAN, APPELLANT, v. THERESIA BINZEN, RESPONDENT.

| 65 39 |
| 142a 636 |

| 65h 39 |
| 83 AD 39 |

*Leases — a covenant to renew or sell — when not too indefinite to enforce — which party has the option to renew or sell — position of the tenant.*

An action was brought to compel the specific performance of a covenant contained in a lease, which was as follows: "And the said party of the first part hereby covenants and agrees to and with the said party of the second part that she will on the expiration of the term hereby granted renew said lease, or will sell said property to the said party of the second part at its then market-value."

Prior to the expiration of the term Ferdinand C. Bamman, assignee of the original lessee, demanded of Theresia Binzen, grantee of the original lessor's executors,

a renewal of the lease for the same term and at the same rent, which demand was refused.

*Held*, that the terms of the covenant were not so indefinite as to preclude relief, the presumption being that the renewal lease should be one for the same term and at the same rent as the original lease.

That, by the covenant, the landlord agreed either to renew the lease or sell the premises, while the tenant did not agree to do either.

That the landlord had the right to decide whether he would offer to the tenant a renewal of the lease or a sale of the premises.

That the tenant might reject the offer, but could not compel the landlord to allow him to decide which he would take.

That as the tenant had not made an offer in the alternative he was without remedy.

That the action could not be maintained.

APPEAL by the plaintiff Ferdinand C. Bamman from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 22d day of January, 1892, dismissing the complaint on the merits, after a trial at the New York Special Term before the court.

*Mark Ash*, for the appellant.

*Thomas McAdam*, for the respondent.

O'BRIEN, J.:

The action was brought to compel the specific performance of a covenant of renewal in a lease which reads as follows :

"And the said party of the first part hereby covenants and agrees to and with the said party of the second part that she will, on the expiration of the term hereby granted, renew said lease, or will sell said property to the said party of the second part at its then market-value."

By assignment of the lease the plaintiff succeeded to the rights of the original lessee, as did the defendant, by virtue of a conveyance from his executors to those of the original lessor; so that, as between the parties to the record, the question is to be disposed of as though we had the original parties to the lease before the court. Prior to the expiration of the term plaintiff demanded from defendant a renewal of the lease for another term of six years at the same rent, which was refused, and upon such refusal this action was brought.

With respect to this covenant two questions are presented for determination — one as to whether, under the covenant, the option

of the renewal of the lease or the sale of the premises rested with the lessor or the lessee ; and, second, assuming it rested with the lessee, upon exercising such option for a renewal, was the covenant sufficiently definite to entitle him to a specific performance ?

Both these questions were determined adversely to the plaintiff, and in the conclusion reached by the learned judge below we concur, though upon grounds, which may be briefly stated, different from those specified by him in his opinion. He was of opinion that specific performance could not be decreed because the covenant for renewal was too indefinite in not naming the length of term or rental to be paid. This view he based upon the cases of *Abeel* v. *Radcliff* (13 Johns., 296), *Duffield* v. *Whitlock* (26 Wend., 55) and *Robinson* v. *Kettletas* (4 Edw. Ch., 67). An examination of these authorities, we think, will show that the reason for holding the covenants void for uncertainty was, that they omitted certain essential particulars regarding the terms of the renewal, which, in order to make a definite contract between the parties, would necessarily have to be supplied by the court, which thus would present cases in which specific performance would not be decreed. The question here is, however, whether a covenant drawn in the form of this one is not sufficiently definite because implying a renewal for the same term and at the same rent.

As said in *Tracy* v. *Albany Exchange Bank* (7 N. Y., 474) : " There are several decisions showing that a covenant in a lease to renew it, without providing in respect to the term to be granted or amount of rent to be paid, implies a renewal for the same term and rent." (See, also, *Rutgers* v. *Hunter*, 6 Johns. Ch., 215, 218 ; *Western Trans. Co.* v. *Lansing*, 49 N. Y., 499, at p. 503 ; *Cunningham* v. *Pattee*, 99 Mass., 248 ; *Rickards* v. *Rickards*, 2 Younge & Collyer Ch. Rep., 427, 428 ; *Prince* v. *Assheton*, 1 Younge & Collyer Equity, 92 ; *Willis* v. *Astor*, 4 Edw. Ch., 594 ; *Whitlock* v. *Duffield*, Hoffm. Ch., 110, at p. 114 ; *Kelso* v. *Kelly*, 1 Daly, 419.)

Were there no other question in the case, we think that these authorities would abundantly support the view contended for by appellant, that a covenant to renew implies a renewal for the same terms and at the same rent, and would not, therefore, be void for indefiniteness, and could be specifically enforced. The other

question, however, remains, which we regard as fatal to appellant's right to maintain this action, and that relates to whether the option given by the covenant rested with the lessor or lessee.

This covenant provides that the landlord will, on the expiration of the term, renew the lease or sell the property to the tenant at its then market-value. We think such a covenant is analogous to the common covenant, whereby a landlord agrees to renew the term or pay for the improvements on the property. Both reason and authority favor the view that such a covenant leaves it optional with the landlord as to whether he will renew the lease or purchase the buildings. By parity of reasoning, a similar conclusion, it seems to us, should flow from an optional contract such as this, wherein the landlord agrees to do one of two things, and where the tenant agrees to do neither. It must be remembered that the tenant here assumes no obligation; he neither agrees to renew the term nor to purchase; the covenant is one entirely on the part of the landlord, and it would thus seemingly be necessary that the option should be with her. By the terms of this covenant the landlord bound herself to the tenant, but the tenant did not bind himself at all. While, therefore, it was compulsory upon the landlord either to offer to renew the lease or to sell the property, the option was with her as to which she should do, and then the right rested with the tenant of rejecting such offer. It is true that the principle contended for by appellant is well settled, that where a covenant is doubtful in language and susceptible of two constructions, one giving an election to the landlord and the other to the tenant, the construction must be given thereto more favorable to the tenant. Where, however, the language is fairly susceptible of but one construction, the rule for which the appellant contends is not applicable. Having in view the terms and conditions of the lease and the language of the covenant itself, we think that it is reasonably free from doubt, admitting of but one construction, which we have already indicated, as conferring upon the landlord the option of determining which of two things she would do, to one of which, however, she was obligated, leaving the tenant entirely free, upon the landlord's exercising her option, to either accept or reject.

This conclusion is necessarily fatal to plaintiff's right to maintain this action, for upon the facts appearing, he rested his whole claim

upon the theory that the option rested with him, which he exercised by demanding a renewal, which was refused. Not having offered, therefore, to either lease or purchase, he was not in a position to compel the defendant to give a new lease. Had the offer to renew the lease or purchase been made by the tenant, a serious question would have been presented, in view of the indefinite terms of the covenant as to fixing the value in case of sale. The conclusion at which we have arrived, however, renders it unnecessary to discuss this question.

For the reasons given, we think the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concurred.

Judgment affirmed, with costs.