CASE 107.—A:CTION BY ———— B:AUGH, &c. AGAINST BAUGH'S ADMR. FOR SERVICES ALLEGED TO HAVE BEEN RENDERED THEIR FATHER.—April 22, 1908.

## Baugh, &c. v. Baugh's Adm'r.

### Appeal from Logan Circuit Court.

Parent and Child—Action by Latter for Care of Parent—Contract —Pleading.—In this action to recover for services rendered in caring for their father during his latter years, the petition was properly dismissed because it was not alleged that there was a promise on the part of the parent to pay for the services. While the services were necessary, under the repeated decisions of this court, in the absence of an express contract there can be no recovery for them.

BROWDER & BROWDER for appellants.

S. R. CREWDSON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellants sued the administrator of their father's estate to recover the sum of $1,700.00 for services alleged to have been rendered to their father during the last seventeen years of his life-time in waiting on, caring for and nursing him. It is alleged that these services were rendered by appellants to their father at his special instance and request. That they were reasonably worth the sums charged therefor, to-wit: $100 per annum. That their father was old, feeble and infirm, and that his condition required that the services be rendered. They proved the extent and value of the services by the affidavits of neigh-

bors familiar therewith, and presented the proof of their claim to the administrator and demanded payment thereof. This was refused. They thereupon filed their suit setting up the facts and prayed judgment for the amount of their claim. The administrator demurred to their petition and the demurrer being sustained they declined to amend. Their petition was dismissed and they appeal. The sole question is the sufficiency of the petition.

The question raised here has been many times before this court, and it has been invariably held that in order to support a cause of action for services of this character, rendered a parent by a child, it must be alleged and proven that there was a direct, positive and unequivocal promise on the part of the parent to pay for such services, otherwise it is presumed that the services were gratuitously rendered. In the case of Reynold's Adm'r. v. Reynolds, 92 Ky., 556, wherein it was shown that a daughter, after reaching her majority, had remained with her father and rendered valuable services to him in his home, this court held that she was not entitled to compensation therefor, although it recognized that the services which she rendered were not only valuable but deserving, and, in denying her right to recover, said:

"If this daughter or the children of any parents were permitted to claim compensation on such facts as are here presented, then the question would constantly arise between them as to the merits of their several claims, and the obligation on the parent to pay each child claiming to have contributed more than another, and all enjoying the comforts, the support and the enjoyments of the same parental home. * * * We are not inclined to concur in the doctrine that after the child arrives at age the law raises

a promise to pay for such services, although some of
the authorities go to that extent. In this case the
children, save the appellee, had left the parental roof,
and she was mistress of the household. *   *   *
The filial devotion of this plaintiff to her parent is
to be admired, and whatever may be said, and truly
said, of her real worth, still if a precedent should be
established by which the mere declaration of the
parent, that his child should be well paid for her
services, and she deserved pay, and he intended to
provide for her, is to be regarded as a contract, or as
evidence sufficient upon which to infer that such a
contract existed, then almost every child could make
out a case against parents for services rendered
after arriving at age, and in families with many
children would result, in almost every instance, after
the death of the parents, in litigation and strife.''

In the case of Price x. Price's Ex'r., 101 Ky., 28, a
claim was presented by appellant against the admin-
istrator of her brother's estate, for services rendered
at his especial instance and request, and, in com-
pliance with his earnest entreaty, in house-keeping,
cooking, washing, and nursing and waiting on him for
some time prior to his death. In denying her right
to recover this court said:

''It may be conceded that her services were such
as to justify her in expecting that her brother would
provide for her liberally. But the relationship
between the parties was such as to raise the legal
presumption that they lived together as a matter of
mutual convenience, and, with such relationship
existing, the law will not imply a promise of compen-
sation. *   *   * The law implies no contract to
compensate for services rendered by one person to
another when the parties stand in relation of parent

and child or brother and sister. Much stricter proof is and should be required in such cases than in cases arising between strangers."

And, in the case of Wallace v. Denny's Adm'r., 28 Ky. Law Rep., 978, in which a son sought to recover for services rendered his mother during the after years of her life, this court held:

"Where the relationship of the parties is such as to raise the presumption that they lived together as a mutual convenience the law does not imply a promise that compensation will be made for services thus rendered."

It may be admitted that the services rendered by appellants to their father in his declining years were necessary and were valuable, yet, in the absence of an express contract and agreement on his part to compensate them for same, under the authority of the cases above cited, it must be conceded that they can not recover therefor, nor do the facts alleged in the pleading justify the conclusion that at the time this service was being rendered appellants contemplated making a charge therefor.

For the reason indicated the judgment is affirmed.