## Jeffries' Executor v. Ferree.

(Decided April 12, 1917.)

### Appeal from Larue Circuit Court.

1. Executors and Administrators—Services Rendered to Decedent.—Contracts for Nursing and Attention.—A child can not recover for services in nursing and waiting on his parent in the absence of an express contract for compensation, unless the parent is mentally incapable of entering into such a contract or other extraordinary conditions exist.

2. Executors and Administrators—Contracts—Services and Attention by Member of Family Does Not Create Obligation to Pay For.—The mere fact that one member of a family renders care and attention to another member of the family does not necessarily create an obligation upon the beneficiary to pay for such care and attention.

3. Executors and Administrators—Services Rendered Decedent—Pleading—Necessary Averments in Petition to Recover for Nursing and Attention.—In a suit to recover compensation for nursing and attention, there must either be an averment of a promise to pay or a statement of facts from which a promise may be implied. Where there is no express promise, the facts upon which the law will raise a promise must be specifically set forth and show such unusual conditions as would answer the purpose of an express promise.

J. R. ZIMMERMAN and O. M. MATHER for appellant.

WILLIAMS & HANDLEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This suit was brought by Addie N. Ferree against her father's estate to recover eight hundred dollars, five hundred of which was for services in waiting upon, caring for and nursing her father during his last illness, and three hundred was for boarding and lodging him. On a trial of the case there was a verdict and judgment in her favor for five hundred dollars, and the executor appeals.

It appears that the claim of three hundred dollars asserted for boarding and lodging was abandoned, and therefore we need not encumber this opinion with any further reference to it.

So much of the petition as seeks a recovery for nursing, care and attention is as follows: "Plaintiff says that from August, 1913, to August, 1914, excepting about five weeks in October and November, 1913, the said B. H. Jeffries lived with this plaintiff; that during said time, decedent, B. H. Jeffries, was an invalid, aged and infirm, and his condition was such that he required constant care and attention; that plaintiff rendered him the needed care and attention; and that such waiting upon, caring for and nursing the said decedent was reasonably worth the sum of five hundred dollars and that the estate of the said decedent is indebted to this plaintiff in the sum of five hundred dollars, and that the same is due and unpaid."

This petition was fatally defective in failing to aver a promise or agreement on the part of B. H. Jeffries to pay Mrs. Ferree the compensation claimed, or any compensation, for the services rendered by her in nursing, waiting on, and caring for him, or in failing to set up a state of facts from which the law would imply a promise upon his part to pay for such nursing, care, or attention. The mere fact that one renders care and attention to another does not necessarily create an obligation upon the beneficiary to pay for such care and attention, nor will the law supply the place of a contract by implying a liability to pay for such care and attention unless the pleading sets out facts upon which such implication could be raised. To make it a good petition in a case like this there must either be an averment of a promise to pay or a statement of facts from which a promise may be implied, and this statement of facts, when no express promise is relied on, must do more than merely charge, as the petition did, that the person for whom the services were rendered was old and infirm and his condition such that

he required constant care and attention, which was given to him by the claimant, and was reasonably worth the sum sought to be recovered.

Where there is no express promise to compensate, the facts upon which the law will raise a promise must be specifically set forth and show such unusual conditions as would answer the purpose of an express promise, as, for example, that the person for whom the services were rendered was mentally incapable of making an agreement, or that the services were of an extraordinary nature, describing them. The law in cases like this has been so well settled in numbers of cases that it is unnecessary to do more than call attention to them: Reynolds v. Reynolds, 92 Ky. 556; Conway v. Conway, 130 Ky. 218; Dowell v. Dowell, 137 Ky. 167; Baugh v. Baugh, 139 Ky. 830; Bolling v. Bolling, 146 Ky. 313; Humble v. Humble, 152 Ky. 160; Turner v. Young, 155 Ky. 604.

Counsel for the estate, however, did not demur to the petition upon the ground that it failed to state facts sufficient to constitute a cause of action, as they might have done, but contented themselves with filing an answer and counter-claim which, after merely traversing the petition, set up that in January, 1907, B. H. Jeffries conveyed to Addie N. Ferree a house and lot for the recited consideration of nine hundred dollars, when in truth the real contract between them was that the grantee should pay nine hundred dollars and also board the grantor, and in case of sickness give him all proper care and attention during the remainder of his life, or so long as he remained at her house, in which he was to have a room. It was also averred that through oversight or mistake on the part of the draftsman of the deed, or fraud on the part of the grantee, these personal considerations for the conveyance were omitted from the deed, but the answer and counter-claim did not seek a reformation of the deed or ask any relief on account of the omission, except such as might be embraced in a general prayer that the petition be dismissed and for all other relief.

A reply controverting the affirmative matter in the answer and counter-claim completed the pleadings.

There was evidence in the case conducing to show that Mrs. Ferree gave to her father during his last illness such care and attention as a person of his age and affliction—tuberculosis, from which he died—needed, and some evidence tending to show that it was reasonably worth the sum claimed, five hundred dollars. It further appears

from the evidence that for several years Mr. Jeffries made his home a part of the time with his daughter, Mrs. Ferree, spending other parts in visiting other children; but the only evidence on the subject of a promise on the part of Mr. Jeffries to pay his daughter for services and attention, or on the amount of the compensation she should receive for the same, is found in the deposition of Mrs. Ferree's step-daughter, who was asked and answered these questions:

"Q. Did you ever hear Mr. Jeffries make any statement that those people who might take care of him in his last years would be well taken care of? A. Yes, sir. Q. When did he say that? A. Well, in January. Q. January before his death in August he said that? A. January before he got down in bed. Q. Just tell the jury about what was to be paid? A. Why, Mr. Jeffries got to talking about money matters and told wherever he got down sick he expected them to be well paid."

This evidence was wholly insufficient to support an action upon a promise to pay for care and attention, if such promise had been alleged in the petition. All the evidence shows that Mr. Jeffries was capable of making any contract he desired to make, and therefore there was no reason why a contract should be implied.

Upon this very unusual condition of the pleadings and evidence, the court instructed the jury that if they believed from the evidence that the services charged for were performed by Mrs. Ferree under a contract, express or implied, with Mr. Jeffries, or with the intention on the part of Mrs. Ferree to charge for them and the intention on his part to pay for them, they should find for the plaintiff and fix as a recovery the reasonable value of her services. This erroneous instruction was objected to, but the objection was overruled, and it was also complained of in the motion and grounds for a new trial, which was also overruled. There was no pleading or evidence to support this instruction, but apparently the attention of the trial judge was not called to the insufficiency of the pleadings and evidence. But, notwithstanding this, when the court, as the record shows, undertook on his own motion to instruct the jury, he should have given them the correct law of the case, and we cannot permit a judgment to stand that is not supported by either pleading or evidence.

On the return of the case, both parties should, if they desire, be permitted to reform their pleadings, and if the answer and counter-claim when amended states grounds

authorizing a reformation of the deed so as to show that it was intended the conveyance should compensate Mrs. Ferree for board, nursing and attention, this equitable issue should first be determined by the court, and if the court on the evidence finds that it was intended that the conveyance of the house and lot should compensate Mrs. Ferree for board, lodging, care and attention, and that this condition was left out of the deed by mistake or fraud, the deed should be reformed and its reformation will of course determine the case against Mrs. Ferree and deny her the right to recover for board, lodging or services. If, however, the evidence fails to show that there was any mistake or fraud in the execution of the deed, then the issue as to board, lodging and services should be submitted to the jury under a proper instruction if there is any evidence of an express promise on the part of Mr. Jeffries to pay for board, lodging, services and attention. If, on another trial, the evidence is substantially the same as in this record, the judge should take the case from the jury.

Wherefore, the judgment is reversed, with directions for a new trial in conformity with this opinion.