ELIAS B. KOOPMAN, Respondent, v. MAURICE LACHMAN and Others, Appellants.

First Department, November 17, 1922.

Equity — action to restrain defendants from interfering with plaintiff's rights under contract and to compel defendants to perform contract — contract gave plaintiff exclusive right to sell, in foreign countries, patent rights or to sell licenses to manufacture patented articles — defendant required to furnish models and information for demonstration — complaint alleged that legal remedy was inadequate — complaint states facts sufficient to constitute cause of action in equity.

The complaint in this action states facts sufficient to constitute a cause of action in equity to restrain the defendants from interfering with the plaintiff's rights under a contract and from preventing the plaintiff from proceeding with the performance of the contract and compelling the defendants to recognize and perform the agreement and for such damages as the plaintiff has suffered. It is alleged that the plaintiff and one of the defendants who was the owner of certain patent rights entered into an agreement under which the plaintiff was given the sole right and privilege to sell the patent rights in foreign countries or to sell licenses to manufacture the patented articles in said foreign countries, and it is further alleged that the owner agreed to execute all needful documents to effectuate any sales made or licenses granted by the plaintiff and to furnish the plaintiff with models and information for demonstration purposes and that it was agreed that the plaintiff's compensation was to be one-third of all money, shares or other securities received by the owner from the purchasers or licensees. It is also alleged in the complaint that the plaintiff secured a contract for a license to manufacture the patented article and had negotiated other contracts of sale and licensing which he was prevented from consummating by the failure of the owner to perform his contract; that the acts of the defendants have caused and unless restrained will cause the plaintiff irreparable injury for which he has no adequate remedy at law.

The demurrer should not prevail upon the ground that the facts stated are not sufficient to constitute a cause of action, if upon the facts pleaded plaintiff is entitled to any relief, and inasmuch as the patents in question are clearly of such a character that an agreement for their sale would be specifically enforced and as the plaintiff has been given the exclusive privilege of selling the patents or licensing manufacture thereunder and since it will be impossible to determine the amount of damage he would suffer if he is not permitted to complete his contract, the complaint clearly states facts authorizing the court to grant some relief.

APPEAL by the defendants, Maurice Lachman and others, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 7th day of June, 1921, granting plaintiff's motion for judgment on the pleadings, consisting of a complaint and a separate demurrer thereto by each of the defendants.

*Cravath, Henderson, Leffingwell & De Gersdorff* [*Hoyt A. Moore* of counsel; *Maurice T. Moore* with him on the brief], for the appellants.

*Stanchfield & Levy* [*Siegfried F. Hartman* of counsel], for the respondent.

SMITH, J.:

The action is brought on a contract entered into by the plaintiff and the defendant Lachman as follows:

" NEW YORK, *August 4th*, 1919.
" Mr. E. B. KOOPMAN,
     " 30 East 42nd Street,
          " New York City:

" DEAR SIR.— Confirming our numerous conferences, the following is my understanding of the agreement between us with reference to the FOREIGN RIGHTS of the invention and future improvements thereof owned or controlled by me, the Structural Wheel Co., and/or the Universal Electric Welding Co.

" In consideration of the time and attention already devoted by you to the above, and your undertaking to use your best efforts and endeavors to negotiate and effect for us the Sale of such rights or License under such rights for the manufacture of and/or sale abroad of Articles covered thereby and your proceeding to London, England, in order to complete such negotiations.

" The sole right and privilege of negotiation and sale or license of the said rights are hereby granted to you exclusively and all inquiries and communications from others regarding same are to be by us referred to you.   You are hereby authorized to conclude sales and/or licenses of rights for any and all Foreign Countries upon taxes not less advantageous to us than these set out in the schedule hereto attached.

" Your remuneration is to be one-third of all monies, shares and/or other securities receivable by us from purchasers and/or licenses procured by or through you, such remuneration being payable to you as, when and in kind of values received by us.

" We agree to furnish you with needful models and samples and all information to enable proper demonstration abroad of the value and advantages of such inventions and products.

" Unless within one year from the fifteenth day of October, 1919, a sale of or license under one or more such rights in one or more foreign countries shall have been effected by you, then we are to

have the option to cancel this agreement and terminate all rights to you thereunder by thirty days' notice to you in writing of our intention to do so.

" But if after such termination by us there should however be any sale and/or license concluded by us as the result of negotiations previously initiated by or through you, then you are to receive the aforesaid remuneration upon such sale and/or license in like manner and amount as though you had concluded same prior to the cancellation of this agreement.

" This agreement shall continue in force so long as in each ensuing year you shall have effected a sale or license in one or more foreign countries.

" We agree to supply you as required with any and all needful documents and to execute any and all deeds and instruments to effectuate the aforesaid objects of this Agreement.

" Your signature hereunder in acceptance of this letter will constitute the agreement between us.

" Truly yours,

" (Signed)    M. LACHMAN.

" Agreed and accepted.   (Signed)    E. B. KOOPMAN.

" THE SCHEDULE.

" List of countries and minimum cash prices therefor respectively for which E. B. Koopman is authorized to effect outright sales of the patent rights for the inventions referred to in the attached agreement:

| Countries. | Cash Sale Price expressed in English Pounds Sterling or equivalent thereof. |
| --- | --- |
| Great Britain | £30,000 |
| All Colonies of Great Britain (excluding Canada). | 10,000 |
| France | 10,000 |
| Italy | 8,000 |
| Belgium and Holland | 8,000 |
| Germany | 5,000 |
| Austria and Hungary | 5,000 |
| Norway, Denmark and Sweden | 8,000 |
| Switzerland | 5,000 |
| Spain and Portugal | 5,000 |
| Japan and China | 8,000 |
| All Russia | 8,000 |
| Poland and Czekoslavia | 5,000 |
| Roumania and Jugoslavia | 5,000 |
| South America | 20,000 |

" For foreign countries other than those above specified the cash prices at which E. B. Koopman is authorized to effect sales are to be mutually agreed upon by and between the undersigned as occasion to deal with the same may arise.

## " LICENSE OR ROYALTY SCALE.

" The royalty basis upon which E. B. Koopman is authorized to effect licenses in and for Foreign Countries shall provide for Royalty payments equal in amount to Six Per Cent of the Licensees' net sales of the licensed products.

" It is understood that in addition to the above minimum cash sale prices, E. B. Koopman will endeavor to get as large a share interest as possible in any corporations becoming the purchasers of said patent rights.

" AGREED AND APPROVED.

" (Signed)      M. LACHMAN
" (Signed)      E. B. KOOPMAN."

The complaint alleges that the defendant Lachman duly executed the contract for and on behalf of the defendants, Structural Pressed Steel Wheel Company and the Universal Electric Welding Company; that the plaintiff proceeded to London, Eng., and at once undertook negotiations to effect the sale and licensing contemplated by the contract, and that prior to October 15, 1920, he secured a contract acquiring a license and duly performed all the conditions of the contract; that he had negotiated contracts of sale and licensing which he was prevented from consummating by the failure of the defendants Lachman, wheel company and welding company to perform the contract on their part; that the defendant Bethlehem Steel Company, with full knowledge of the above contract and of plaintiff's rights thereunder, has induced the other defendants to violate the contract, and has procured a contract with the other defendants violative of plaintiff's rights; that the acts of the defendants have caused and unless restrained will cause plaintiff irreparable injury for which plaintiff has no adequate remedy at law although he has suffered damage up to the present time of upwards of $150,000. The complaint prays for judgment restraining the defendants from interfering with plaintiff's rights under the contract and from preventing plaintiff from proceeding with the performance of the contract; compelling the defendants to recognize and perform any agreement concluded by plaintiff and that plaintiff recover such damages as he has already suffered.

The demurrers of the defendants raise two points: That the

complaint does not state facts sufficient to constitute a cause of action, and that causes of action have been improperly united.

If the complaint states a cause of action in equity it will not be necessary to consider the second ground of improper joinder of causes of action, as only one cause of action would be stated.

Pomeroy Equity Jurisprudence (Vol. 4 [4th ed.], p. 4000) says:

" § 1718. (§ 296.) Contracts conferring an Exclusive Right.— Where a contract confers on one party an exclusive right or privilege, a breach of the contract through conduct of the other party inconsistent with the exclusiveness of the right or privilege may be enjoined, subject to the general principle as to the inadequacy of the legal remedy for the breach. It is immaterial that such inconsistent conduct is not prohibited by the express terms of the contract. Contracts giving to one party an exclusive right to the personal services of another are a common species of agreements of this general class, and have already been discussed. Contracts giving the plaintiff the exclusive right to buy articles manufactured or produced by the defendant, *or constituting the plaintiff the sole agent for their sale,* have frequently been enforced by enjoining the sale of the articles by the defendant to third parties, if the article is of such a character that an agreement for its sale would be specifically enforced."

The contract which the plaintiff is seeking to have the court enforce has to do with the sale of patent rights or licensing under patents for pressed steel wheels. Those patents are clearly of such a character that an agreement for their sale would be specifically enforced. (Walker Patents [5th ed.], § 286. See, also, *New York Paper Bag Machine Co.* v. *Union Paper Bag Machine Co.*, 32 Fed. Rep. 783.) In *Hapgood* v. *Rosenstock* (23 Fed. Rep. 87) the court said: " Agreements for the assignment of a patent, and for delivery of chattels which can be supplied by the vendors alone, and for renewals of leases, are among those which will be specifically enforced (*Binney* v. *Annan,* 107 Mass. 94; Fry Spec. Perf. sec. 33; *Furnival* v. *Crew,* 3 Atk. 83–87; *Burke* v. *Smyth,* 3 Jones & L. 193; *Willis* v. *Astor,* 4 Edw. Ch. 594), and are sufficiently analogous in their character to the present agreement to bring this case within the authorities. As Rosenstock had full knowledge of the complainants' equities these equities are impressed upon the title he acquired, and restrict his rights to the same extent as though the title remained in Hadlock. He can be compelled to do and not to do those things which Hadlock ought or ought not to do. He knew, or was bound to know, that if Hadlock intended by a sale of her patent to put it out of her power to perform her agreement with complainants the transaction was intended as a

fraud upon them. He was either a party to this fraudulent design, or he intended to recognize complainants' rights. In either case he stands towards the complainants in the place she would occupy if she now owned the patent, and must abide by the agreement."

In *Singer Sewing Machine Company* v. *Union Buttonhole & Embroidery Company*, in the United States Circuit Court, District of Massachusetts (reported in 1 Holmes, 253; Fed. Cases, No. 12,904), it was held that an injunction may be granted to restrain acts in violation of a lawful contract, although the nature of the contract is such that specific performance cannot be enforced. In that case a corporation, the owner of certain patents, granted an exclusive license to plaintiff to sell machines containing the patented inventions, and agreed to furnish the machines at a certain price. After furnishing many machines, the corporation, without fault of complainant, refused to deliver more and assigned the patent to one having knowledge of the contract, in trust for another association, and took measures for its own dissolution. On a bill in equity by the licensee a preliminary injunction was granted restraining the corporation from dissolving its organization, and the assignee in trust for the patents from transferring them.

In *Standard Fashion Co.* v. *Siegel-Cooper Co.* (30 App. Div. 564; affd., 157 N. Y. 60) it was " *Held,* that while a court of equity will not decree specific performance of a contract where the business contemplated thereby is of a continuous nature, and must thus be brought under the management of the court, yet the court should extend its remedy as far as it is able, and that, although it could not enforce the specific performance of the affirmative covenant of the contract in question, it would grant relief by way of injunction restraining the violation of the negative covenant contained therein and thus prevent the principal defendant from obtaining an advantage from a breach of its agreement, and inflicting a double wrong upon the plaintiff by depriving it of the right to sell and conferring that right on a business competitor." In that case, while the right of the plaintiff to the affirmative relief of specific performance might be doubtful because the court could not become the manager of the defendant corporation to compel it to perform the services required under the contract by continuous orders, nevertheless, the plaintiff was entitled to injunctive relief, and it is further held by the Court of Appeals in that case that the complaint for specific performance was not demurrable because subject to discretionary refusal of relief by reason of difficulty of enforcement. As before stated, the relief by specific performance was questioned simply by the necessity of court supervision over the details of the performance of the

contract by the defendant against whom specific performance was asked.

In the case at bar there are no details which would require continuous orders of the court. All that the defendants were required to do was to furnish certain models which they did not furnish and to give information to enable proper demonstration abroad. These models were not in fact furnished; nevertheless, the plaintiff was successful in placing one contract. Negotiations were pending for other contracts with parties who were informed by the defendants that plaintiff had no right to negotiate therefor, and the defendants themselves, according to the allegations of the complaint, are seeking to negotiate these very contracts, negotiations with respect of which were commenced by this plaintiff.

It is not necessary here to decide whether specific performance will be decreed either upon the facts or within the rule laid down by the Court of Appeals in *Standard Fashion Co.* v. *Siegel-Cooper Co. (supra).* If upon the facts pleaded the plaintiff is entitled to any relief this demurrer should not prevail on the ground that facts are not stated sufficient to constitute a cause of action. Upon the complaint thus assailed by demurrer a strong equity is presented by the plaintiff that his contract rights ruthlessly violated by the defendants should be enforced. It may be that a contract will not be enforced or the remedy of injunction granted merely by reason of the fact that the contract is exclusive; nevertheless, where in addition to that the legal remedy is entirely inadequate, a court of equity is not so impotent that it cannot give some effective protection to the rights of the plaintiff which are thus violated.

The plaintiff was given the exclusive right to make an agreement for the sale of or licensing under those patents in certain countries and he had fully performed the contract in question. He could close any contract he saw fit on the terms prescribed by his contract and the other parties to the contract retained no right to reject such contracts, but bound themselves to execute the formal paper. The reward or compensation to plaintiff was not definitely fixed by the contract except as to his percentage and would depend largely on the results of the success of his efforts. It would be impossible to arrive at the amount of damage he would suffer were he not permitted to complete his contract. The legal remedy for the breach would be so uncertain as to be inadequate.

On the allegations of the complaint all the defendants seem to be equally guilty of the attempted breach. The complaint states a cause of action in equity and the order appealed from should be affirmed, with ten dollars costs and disbursements to

the respondent, with leave to the defendants to withdraw the demurrers and to answer on payment of said costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to defendants to withdraw demurrers and to answer within twenty days from service of order with notice of entry thereof, upon payment of said costs.