## Keser v. Jarvis.

(Decided March 4, 1930.)

LEE & SNYDER for appellant.

G. J. JARVIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

G. J. Jarvis brought this action against George Keser and Mary Keser to recover the sum of $460 alleged to be due him as attorney's fees for representing Mary Keser in various criminal prosecutions theretofore pending against her in the Harlan circuit court. From a verdict and judgment against him for the amount sued for George Keser has prayed an appeal.

After setting out his employment by Mary Keser, and the performance of the legal services in her behalf, Jarvis sought to recover against George Keser on the following allegations: "Plaintiff further states that at the time defendants were husband and wife, and the defendant George Keser agreed to help pay the attorney fee so contracted to the plaintiff, and no part of same has been paid except the said sum of $40.00 paid by the defendant Mary Keser." After George Keser's demurrer had been sustained to the petition Jarvis filed an amended petition wherein he alleged "that the defendant George Keser agreed and promised to pay the balance of his fee whatever the defendant Mary Keser lacked paying when he was through representing her." In support of his claim against George Keser, Jarvis testified as follows:

"He told me to go ahead and defend Mary and he would help her take care of the fee. . . . And on his statement I did that. . . . That is the way he spoke it and I reported that fact to Mary. . . . I went to George again in regard to the attorney fee. He said I was employed in the case and had gone into the case for Mary and he had some cases of his own and if I would go on and defend he would help take care of the fee."

The court instructed the jury as follows:

"If you shall believe from the evidence in this case that the defendant George Keser employed plaintiff G. J. Jarvis to render the services for Mary Keser that have been referred to in the evidence then you will find for the plaintiff what you may believe from the evidence is a reasonable attorney fee for the services rendered in the cases referred to in evidence, not exceeding the sum of $460.00, the amount sued for.

"Unless you so believe then your finding should be for the defendant."

As Jarvis neither pleaded nor proved that he was employed by appellant, it results that the instruction is erroneous, Jeffries' Exor. v. Ferree, 175 Ky. 18, 193 S. W. 646, and a reversal might be rested on that ground. However, we find it necessary to go further. The rule is elementary that a contract must be certain and unequivocal in its essential terms. To this end the agreement should specify the terms or set up some standard or furnish some data by which the extent of one's undertaking may be measured and ascertained with reasonable certainty. National Electric Signaling Co. v. Fessenden, 207 F. 915, 125 C. C. A. 363; Cold Blast Transportation Co. v. Kansas City Bolt & Nut Co., 114 F. 77, 52 C. C. A. 25, 57 L. R. A. 696. Pursuant to this rule the following agreements have been held void for uncertainty: An agreement to renew a lease at the end of the term without saying for what time or at what rent. Baurman v. Binzen (Sup.) 16 N. Y. S. 342, affirmed Bamman v. Binzen, 65 Hun, 39, 19 N. Y. S. 627, affirmed 142 N. Y. 636 mem. 37 N. E. 566 mem. A promise to pay a note, "if the corn market should advance sufficiently to justify" it. Thomson v. Gortner, 73 Md. 474, 21 A. 371, 373. A promise to assist persons by indorsing their paper and advancing them the money to carry on the mercantile business advantageously. Erwin v. Erwin, 25 Ala. 236. A promise of a corporate stockholder to an officer of the corporation that, if any profit is made out of the business of the company, he will divide it on a very liberal basis with the officer. Butler v. Kemmerer, 218 Pa. 242, 67 A. 332. A promise to make "advances" without specifying any sum. Gafford v. Proskauer, 59 Ala. 264. According to appellee all that appellant promised in this case was that "he would help her (his wife) take care of the fee," and that "he would help take care of the fee." He did not say how much he would help, or in what way he would help, nor did he furnish any standard or data by which the extent of his undertaking could be measured and ascertained with reasonable certainty. It necessarily follows that the alleged promises are too vague and uncertain to constitute a valid and enforceable agreement, and that appellant's motion for a peremptory instruction should have been sustained.

No other questions are passed on.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.